UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kenneth Wilkins, | Case No.: 2:22-cv-01335-JAD-NJK |
| Plaintiff | |
| v. | **Order Screening and Dismissing Complaint with Prejudice as a Duplicative Action** |
| Kirk Widmar, et al., | |
| Defendants | [ECF No. 1-1] |

Plaintiff Kenneth Wilkins brings this civil-rights action under 42 U.S.C. § 1983, claiming that his federal and state due-process rights were violated at the Warm Springs Correctional Center (WSCC). Because Wilkins applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I grant the application to proceed *in forma* pauperis and dismiss Wilkins's complaint with prejudice because it is duplicative of one of his other federal lawsuits.

**I.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This

---

[1] ECF No. 1.
[2] *See* 28 U.S.C. § 1915A(a).
[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[4]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[5]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[6]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff must provide more than mere labels and conclusions.[8] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[9] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

## II.   Screening Wilkins's complaint

Wilkins sues Associate Warden Widmar, Lt. Ashcraft, Correctional Officer Suwe, and Correctional Officer Travis Fratis for events that occurred at WSCC.  He asserts one claim and seeks monetary and injunctive relief.[11]

---

[4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[5] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[7] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] *Id*.

[11] ECF No. 1-1 at 1–4, 9.

In the complaint, Wilkins sues defendants for due-process violations under the Fourteenth Amendment of the U.S. Constitution and Article 1, § 8 of the Nevada Constitution stemming from a May 31, 2021, notice of charges for possession and sale of intoxicants and the subsequent disciplinary hearings and appeals.  Wilkins alleges that Suwe filed a notice of charges against him without any evidence, and Fratis and Ashcraft did not permit him to see the evidence against him at the disciplinary hearing.  Additionally, Wilkins alleges that Widmar admitted that Wilkins's rights had been violated at the hearing.  Although Widmar had told Wilkins that he would be given a new hearing, Wilkins never received one.[12]

I find that Wilkins's complaint is duplicative of the complaint filed in *Wilkins v. Williams*, 3:21-cv-00510-MMD-CSD (*Wilkins I*).[13]  Although the complaint in *Wilkins I* is more detailed, Wilkins sues the same defendants over the same set of allegations for violations of the Fourteenth Amendment, Nevada constitutional due-process protections, and the First Amendment.[14]  In *Wilkins I*, U.S. District Court Chief Judge Miranda Du dismissed Wilkins's Fourteenth Amendment due-process claims because Wilkins could not establish a liberty interest and could not challenge the loss of credit toward his maximum sentence in a § 1983 action.  Judge Du also declined to exercise supplemental jurisdiction over the state law claims and closed the case.[15]  Because duplicative litigation by a plaintiff proceeding *in forma pauperis* may be

---

[12] *Id.* at 3–5.

[13] *Wilkins I*, 3:21-cv-00510-MMD-CSD at ECF No. 6.

[14] Wilkins also sued Deputy Director Williams in *Wilkins I* but did not sue Williams in the instant case.

[15] *Wilkins I*, 3:21-cv-00510-MMD-CSD at ECF No. 5 at 7–8.

3

dismissed as malicious under 28 U.S.C. § 1915(e), I dismiss the instant complaint with prejudice as malicious.[16]

## Conclusion

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 1] is GRANTED**. Wilkins need not pay an initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended. This full filing fee remains due and owing even though this case is being dismissed.

In order to ensure that Wilkins pays the full filing fee, IT IS FURTHER ORDERED that **the Nevada Department of Corrections must forward from the account of Kenneth Wilkins, # 89171** to the Clerk of the United States District Court, District of Nevada, **20%** of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to SEND copies of this order to the Finance Division of the Clerk's Office <u>and</u> to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to

- **FILE** the complaint [ECF No. 1-1];
- **SEND** a courtesy copy of the complaint [ECF No. 1-1] to Wilkins;
- **CLOSE** the case; and
- **ENTER** judgment accordingly.

---

[16] *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

IT IS FURTHER ORDERED that **the complaint [ECF No. 1-1] is dismissed in its entirety with prejudice** as malicious.

Finally, I certify that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" as contemplated by 28 U.S.C. § 1915(a)(3).

Dated: November 1, 2022

_____
U.S. District Judge